Kane/HB6
N/Haven York
IFP

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARRISBURG DIVISION

LANCE W. MARTIN, Plaintiff          :   NO. : 1:01-CV-1107

       v.                           :

RED LION BOROUGH,                   :

KENNETH M. BOWMAN, BOROUGH MANAGER, :   CIVIL ACTION-LAW

RED LION MUNICIPAL AUTHORITY,       :
                                        FILED
OFFICER DAVID WINGERT, R.L.P.D.,    :   HARRISBURG

               Defendants           :   JUN 21 2001

                                        MARY E. D'ANDREA, CLERK
                                        Per_____
           COMPLAINT                        DEPUTY CLERK

   COMES NOW the Plaintiff, Lance W. Martin, pro se, to this Honorable Court, pursuant to the 4th, 5th, 8th, and 14th Amendments to the United States Constitution, and plaintiff complains of the above captioned defendants, and respectfully shows the court the following;

1.   The jurisdiction of your Honorable Court is invoked pursuant to 42 USCA § 1983 and U.S. Bankruptcy Code and Rules, among various other federal laws and statutes, also in regard of and with respect to above enumerated amendments to the U.S. Constitution.

2. Plaintiff, Lance W. Martin, is, and at all times herein mentioned was, a resident of Red Lion Borough, York County, Pennsylvania. Plaintiff's current address is 257 West Broadway, Red Lion, York County, Pennsylvania-17356.

3. Defendant Red Lion Borough is, and at all times mentioned herein was, a municipal corporation of the State of Pennsylvania, organized and existing under and by virtue of the laws of The State of Pennsylvania, addressed as follows; Red Lion Borough, Center Square, P.O. Box 190, Red Lion, York County, Pennsylvania-17356.

4. Defendant Red Lion Borough Manager Kenneth M. Bowman is, and at all times herein mentioned was, acting in his official capacity as Borough Manager for Red Lion Borough, addressed as above.

5. Defendant Red Lion Municipal Authority is, and at all times herein mentioned was, a municipal corporation of The State of Pennsylvania, organized and existing under and by virtue of the laws of The State of Pennsylvania, addressed as follows; Red Lion Municipal Authority, P.O. Box 190, Red Lion, York County, Pennsylvania-17356.

6. Defendant Officer David Wingert is, and at all times herein mentioned was, a duly appointed [and acting in his official capacity as a] police officer with the Red Lion Police Department, a division of Red Lion Borough, addressed as follows; Red Lion Police Department, 11 East Broadway, Red Lion, York County Pennsylvania-17356.

7. On 2-5-99, plaintiff filed for protection in U.S. Bankruptcy Court in Harrisburg, Pennsylvania. Defendant Red Lion Municipal Authority was a creditor in said action.

8. On or about 3-22-99, Defendant Red Lion Municipal Authority wrongfully turned off and deprived plaintiff of public water supply that was connected to his residence,(through lawfully registered account in plaintiff's name), without any prior due process hearing.

9. On 3-25-99, said Defendant Red Lion Borough sent plaintiff by ordinary mail a letter advising him to vacate the premises of his townhouse for failure to pay his water bill, again with no prior due process hearing. (See attached letter.)

10. On 4-4-99, plaintiff paid past water bill, by money order (copy attached), to Red Lion Municipal Authority, deposited with Red Lion Borough's office, and turned on his water service, as he is a duly licensed and registered Master Plumber.

11. Subsequently, the next day, 4-5-99, Defendant Red Lion Borough came out to plaintiff's residence, dug up plaintiff's water service valve box, turned water service back off underground, and filled in service excavation all the way back up to grade with dirt backfill.

12. By letter dated 4-6-99, plaintiff advised said Defendant Borough Manager Bowman that Red Lion Borough was a bankruptcy creditor, and plaintiff supplied Defendant Red Lion Borough with proof of claim forms for their convenience. Plaintiff's letter was courteous and further stated that plaintiff did not wish to engage in semantics or recriminations and would be grateful for any cooperation. This was all to no avail.

13. As previously stated, plaintiff was deprived of any due process hearing prior to being denied his property right to public water and continued use of his residence. Further, bill was paid.

14. On or about 4-10-99, water service to plaintiff's residence was restored while plaintiff was away, causing damage to plaintiff's property, and following this, plaintiff received a certified letter dated 4-12-99 from Defendant Borough Manager Bowman (copy attached) stating that $200.00, which amounted to 1 year in advance, was required by Red Lion Municipal Authority or plaintiff's water service would again be terminated, another

violation of federal bankruptcy law, and more intimidation.

15.    Subsequently, on 4-16-99, above captioned defendants maliciously conspired to cause the wrongful criminal prosecution of plaintiff, without any probable cause, all said defendants well knowing that plaintiff was guilty of no crime or misdemeanor. In fact, water bill was paid in full before charges filed.

16.    Pursuant to said conspiracy, above said defendants, and each of them, caused a criminal complaint to be sworn out against plaintiff, charging him with the crime of Theft of Services, 18 Pa.C.S. § 3926 (a)(1).(Attached.)

17.    In response to these false and malicious criminal charges by said defendants against him, plaintiff pled not guilty, and was bound over for trial.

18.    On 5-24-99, that being the 5th year in his residence, plaintiff received from his landlord, a notice stating his lease would not be renewed because of damage to the property by the failure to have utilities supplied to said property at all times as well as criminal activity at said property resulting in said criminal charges being filed.

19. On 6-22-99, trial on this charge was commenced in York County, Pennsylvania District Court 19-03-01. Said defendants appeared before the court and again falsely and maliciously, and without any probable cause, charged plaintiff with the crime of Theft of Services.

20. On conclusion of above said trial, plaintiff was subsequently acquitted and discharged. (Judgement attached.)

21. Plaintiff was wrongfully, and without probable cause, bound over for court by charges maliciously inflicted upon him by said defendants, and each of them, and plaintiff was unlawfully deprived of his liberty, in that he was not free to leave York County, Pennsylvania, was subject to immediate incarceration if he did leave York County, Pennsylvania, and was subject to appear in court on demand, all on a fictitious charge.

22. The actions of said defendants in having plaintiff criminally prosecuted without probable cause were motivated by malice and a desire to embarrass and humiliate plaintiff personally and to cause plaintiff embarrassment and humiliation among plaintiff's family, friends, and community, and to discourage plaintiff's participation in [and for retaliation of] his lawful federal bankruptcy action, in an attempt to thwart his right to equal protection under the law.

23. As a result of plaintiff's prosecution, plaintiff has been caused much embarrassment, hurt, and humiliation, and suffered greatly emotionally, mentally, and physically, and in plaintiff's reputation and standing in the community. These damages were inflicted solely as a result of the malicious and wanton conspiracy and acts of said defendants and their desire to humiliate plaintiff and others similarly situated to discourage them from exercising their right to due process and to equal protection under the law as guaranteed by the U.S. Constitution, as well as their right to federal bankruptcy protection.

24. Plaintiff believes and therefore avers that all of the above mentioned was brought about by the unlawful conspiracy and connivance of said defendants, and these named and said defendants well knew that plaintiff had committed no crimes against The State of Pennsylvania nor the Borough of Red Lion, this unlawful prosecution by defendant police officer and defendant borough and defendant water authority and defendant borough manager was malicious, willful, wanton, and intentional, for financial gain, and to deprive plaintiff of his federal constitutional rights.

25. As a direct and proximate result of defendants' despicable conspiracy, plaintiff has been unjustly deprived of his liberty

maliciously and without probable cause, said defendants well knowing plaintiff was guilty of no crime.

26. Defendants, and each of them, acted oppressively, and maliciously engaging in despicable conduct, with a wilful and conscious disregard of plaintiff's constitutional rights, thereby entitling plaintiff to exemplary or punitive damages, to be determined at jury trial by proof.

27. As a direct and proximate result of defendants' conduct, and each of them, plaintiff has suffered extreme physical and mental pain, public ridicule, shame, all of which subjected plaintiff to cruel and unjust hardship.

28. As a further direct and proximate result of defendant conduct, and each of them, plaintiff has suffered great damage to his business and personal reputation, as well as lost the lease to his long time residence in the community.

29. As a further still direct and proximate result of defendants' conduct, and each of them, plaintiff has been in a highly nervous state, suffers from severe emotional distress, and suffers from sleeplessness and serious discomfort.

**WHEREFORE**, your Plaintiff, Lance W. Martin, demands judgement against said defendants, to be determined by proof at jury trial, as follows:

General damages, damages for injury to business and personal reputation, for medical and other related expenses, past and future lost earnings damages, damages for impairment of earning capacity, punitive or exemplary damages, reasonable attorneys fees, interest according to law, and costs of this action, for a total amount of Two Million Dollars($2,000,000.00), and any such other and further relief as the court deems in the interests of justice.

Respectfully submitted,

6-21-01
Date

Lance W. Martin, Plaintiff
257 West Broadway,
Red Lion, York County,
Pennsylvania-17356.
(717) 246-8761

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARRISBURG DIVISION

| | | |
|---|---|---|
| LANCE W. MARTIN, Plaintiff | : | NO. : |
| v. | : | |
| RED LION BOROUGH, | : | |
| KENNETH M. BOWMAN, BOROUGH MANAGER | : | CIVIL ACTION-LAW |
| RED LION MUNICIPAL AUTHORITY, | : | |
| OFFICER DAVID WINGERT, R.L.P.D., | : | |
| Defendants | : | |

## VERIFICATION

The undersigned, Lance. W. Martin, hereby verifies and so states that:

1. He is the pro se plaintiff in above captioned action and he is making this verification on his own behalf;

2. The facts stated above are known by him to be true, of his own knowledge.

I declare under penalty of perjury under the laws of the United States of America and the Commonwealth of Pennsylvania that the foregoing is true and correct.

6-21-01
Date

_Lance W. Martin_, Plaintiff

| United States Bankruptcy Court | VOLUNTARY PETITION |
|---|---|
| District of MIDDLE PENNSYLVANIA | |

| Name of Debtor (If individual, enter Last, First, Middle) | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle) |
|---|---|
| MARTIN, LANCE WILLARD | N/A |
| ALL OTHER NAMES used by the debtor in the last 6 years (including married, maiden and trade names) | ALL OTHER NAMES used by the joint debtor in the last 6 years (include married, maiden and trade names) |
| | |
| SOC. SEC./TAX I.D. NO. (If more than one, state all) | SOC. SEC./TAX I.D. NO. (If more than one, state all) |
| 215 72 6890 | |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, zip) | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state, zip) |
| 239 CATALPA LANE REDLION, PA. 17356 | |
| COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS: YORK | COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS |
| MAILING ADDRESS OF DEBTOR (If different from street address) | MAILING ADDRESS OF JOINT DEBTOR (If different from street address) |
| SAME | |
| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from addresses listed above) | |
| N/A | |

**1-99-00542**

## Information Regarding the Debtor (Check the Applicable Boxes)

**VENUE** (Check any applicable boxes)
- [x] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days imediately preceeding the date of this petition or for a longer part of such 180 days than in any other District.
- [ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

**Type of Debtor** (Check all boxes that apply)
- [x] Individual(s)    [ ] Railroad
- [ ] Corporation     [ ] Stockbroker
- [ ] Partnership     [ ] Commodity Broker
- [ ] Other_____

**Nature of Debts** (Check one box)
- [x] Consumer/Non-Business  [ ] Business

**Chapter 11 Small Business** (Check all boxes that apply)
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101
- [ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- [ ] Chapter 7   [ ] Chapter 11   [x] Chapter 13
- [ ] Chapter 9   [ ] Chapter 12
- [ ] Sec. 304 – Case ancillary to foreign proceeding

**Filing Fee** (Check one box)
- [ ] Full Filing Fee attached
- [x] Filing Fee to be paid in installments (Applicable to individuals only) Must atttach signed application for court's consideration certifying that the debtor is unable to pay fee except in installment Rule 1006(b). See Official Form No. 3.

**Statistical/Administrative Information (Estimates only)**
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

FILED Harrisburg, PA
TIME _____ A.M.
FEB 5 1999
Clerk of the Bankruptcy Court

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

© E•Z LEGAL FORMS®            RELIEF ORDERED            K100-4



# Borough of RED LION
PENNSYLVANIA 17356
INCORPORATED 1880

MUNICIPAL OFFICES
P.O. BOX 190
CENTER SQUARE
PHONE (717) 244-3475
FAX (717) 246-0455

B-86-99

March 25, 1999

Lance Martin
239 Catalpa Lane
Red Lion, PA 17356

Dear Mr. Martin:

Please know that a complaint was made about deficiencies relative to your residence at 239 Catalpa Lane, Red Lion, Pennsylvania.

According to the Red Lion Municipal Authority records the water service has been turned off at this location due to failure to pay the quarterly water/sewer bill. Red Lion Borough Ordinance Chapter 132 § 132-7 J states "No owner, operator or **occupant** shall cause any service, facility, equipment or utility which is required under this chapter to be removed from or shut off from or discontinued for any occupied dwelling or dwelling unit let or occupied by him......." Per the requirements of this Ordinance, you are being notified that you are in violation of Borough Ordinance. Any owner or **occupant** who has received notice of a violation and fails to take the necessary corrective action shall be liable to a fine of up to $1,000 plus costs of prosecution.

Therefore, it would behoove you to promptly pay the outstanding water/sewer bill or vacate the premises.

Sincerely,
**Borough of RED LION**

*Lynn M. Rinehart*

Lynn M. Rinehart
Codes Enforcement Officer

RED LION BOROUGH COUNCIL • RED LION MUNICIPAL AUTHORITY • RED LION BOROUGH WATER DEPT. • RED LION BOROUGH SEWER DEPT.





# Borough of RED LION
### PENNSYLVANIA 17356
INCORPORATED 1880

MUNICIPAL OFFICES
P.O. BOX 190
CENTER SQUARE
PHONE (717) 244-3475
FAX (717) 246-0455

April 12, 1999

CERTIFIED MAIL RETURN RECEIPT REQUESTED

Lance W. Martin
239 Catalpa Lane
Red Lion PA 17356

Account # 43.1432.01

Dear Mr. Martin

According to the directives of the Federal Bankruptcy Code, the Red Lion Municipal Authority is sending this Notice/Letter to you by way of Certified Mail Return Receipt requested.

The Red Lion Municipal Authority pursuant to the Code, is requesting six (6) month advance payment of water service from you. The amount of $ 200.00 shall be paid to the Authority and held on deposit. If we do not receive such deposit within twenty (20) days after receipt of this Notice, then water service will be shut-off by this Authority. Service shall remain off until further direction from the Bankruptcy Court or Trustee.

Thank you in advance

*Kenneth M Bowman*

Red Lion Municipal Authority

cc: Gavin W. Markey Esq.   Regular Mail

# NON-TRAFFIC CITATION P1476858-5

| Field | Value |
|---|---|
| 1. Magisterial District Number | 19-3-01 |
| 2. Docket Number | TR-284-99 |
| 3. Social Security Number | 215 7 26 89 1 |
| 5. Driver's Number | 25360816 |
| 6. State | PA |
| 4. Address of Magisterial District Office | 2997 Cape Horn Rd Red Lion, PA 17356 |
| 7. Defendant's Name - First / Middle / Last | LANCE WILLARD MARTIN |
| 8. Defendant's Address (Street-City-State-Zip Code) | 239 Catalpa Ln Red Lion, PA 17356 |
| 9. Race/Ethnicity | (W) ☒ White |
| 10. Sex | (M) ☒ Male |
| 11. Date of Birth | 08/02/56 |
| 12. Resident Status | (R) ☒ Resident |
| 13. Type of Arrest | (S) ☒ Summoned/Cited |
| 14. JUVENILE | ☐ Yes |
| 15. Parents Notified | ☐ Yes |
| 17. Date Notified | — |
| 18. Time | — |
| 19. Charge | ☒ Theft of Services |
| 20. Nature of Offense | In that the def. did intentionally obtain services for himself or another which he knows are available only for compensation by tampering with a public utility device by which such services are delivered. To wit: the def. did, on three (cont'd) |
| 21. Pa. Code | — |
| 22. CRIMES CODE TITLE 18 | ☒ |
| 23. SECTION | 3926 |
| 24. SUB SEC. | (a)(1) |
| 25. FINE | 260.96 |
| 26. COSTS | 73.50 |
| 27. J.C.P. | 1.50 |
| 28. TOTAL DUE | Rest. 524.04 / $800.00 |
| 30. Date | 4-5-99 |
| 31. Time | — |
| 32. Day | — |
| 33. City/Twp./Boro | RED LION |
| 34. Code | 424 |
| 35. Zone | 67 |
| 36. Location | Blk 56 239 Catalpa Ln |
| 37. County | York |
| 38. County Code | 67 |
| 43. Station Address | 11 E Broadway Red Lion PA 17356 |
| 44. Offense Code | — |
| 45. Property Record No. | — |
| 46. Systems Code | — |
| 49. Incident No. | 0740-99 |
| ORI NUMBER | PA0670800 |
| BADGE NUMBER | — |
| 40. Date | 4-16-99 |
| 41. | ☒ Filed on info. received |
| 39. Defendant's Signature | X Filed |
| 42. OFFICER'S SIGNATURE | D. Daust |
| 50. Remarks/Subpoena List | cont'd from blk #20 separate occasions; between 3-22-99 to 3-30-99, between 3-30-99 to 3-31-99, and between 3-31-99 to 4-5-99 turn the water on to his residence from a curb water stop after the water had been turned off by the Red Lion Water Authority. Request maximum fine and restitution to the Red Lion Water Authority the amount of $524.04. Subpoena list on separate sheet. |
| 57. Supv. Init. | — |
| Badge No. | P1476858-5 |

| COMMONWEALTH OF PENNSYLVANIA | ORDER IMPOSING SENTENCE |
|---|---|
| COUNTY OF: **YORK** | |

Mag. Dist. No.: **19-3-01**
DJ Name: Hon. **DOUGLAS F. MEISENHELTER**
Address: **2997 CAPE HORN ROAD RED LION, PA**
Telephone: **(717) 244-4002    17356-9329**

COMMONWEALTH OF PENNSYLVANIA

VS.

DEFENDANT:   NAME and ADDRESS
**MARTIN, LANCE WILLARD
239 CATALPA LANE
RED LION, PA 17356-1211**

**LANCE W. MARTIN
239 CATALPA LANE
RED LION, PA 17356-1211**

Docket No.: **NT-0000284-99**
Date Filed: **4/16/99**



Charge(s):

**THEFT OF SERVICES (18 §3926 §§A1)**

## THIS IS TO NOTIFY YOU THAT:

☒ On **6/22/99**, your trial on the above charge(s) was held in the Magisterial District Court listed above. The verdict was returned as **NOT GUILTY.**
(Any damages realized by Red Lion Boro would be handled via a civil fili

☐ On _____, you were convicted of violating the above charge(s) and I sentenced you to the following:

| | |
|---|---|
| Collateral Amt Set: | $.00 |
| Fines: | $.00 |
| Costs: | $.00 |
| Restitution: | $.00 |
| **Total** | $.00 |
| Paid to Date: | $.00 |
| Adjusted to Date: | $.00 |
| **Case Balance** | $.00 |

☐ Sentenced to Fines, Costs, and Restitution

  ☐ You are hereby ordered to make payment to this court on _____

  ☐ You are hereby ordered to make an initial payment to this court in the amount of $ _____ on _____.
  Refer to the District Justice Time Payment Order for additional payment schedule information.

  ☐ You are hereby ordered to make an initial payment of $ _____ due on or before _____. Thereafter, a minimum payment of $ _____ shall be made to this court _____ with a final payment on _____.
  Refer to the District Justice Time Payment Order for additional payment schedule information.

☐ Alternate Sentence
  An alternate sentence of _____
  to commence on _____ and conclude on _____.

☐ Sentenced to Imprisonment
  A jail sentence of _____ in the _____. You must appear for the execution of your jail sentence on _____.
  (If you file an appeal, the execution of jail sentence will be stayed pending the outcome of your appeal, and the issuing authority may set bail or collateral. Refer to the Order to Appear for Jail Sentence for further information.)

You have the right to appeal to the Court of Common Pleas within 30 days for a trial de novo. You must appear for the trial de novo in the Court of Common Pleas or your appeal may be dismissed. If you are found not guilty, any money previously paid in this case will be returned to you. If you have any questions, please call this office immediately.

**6/22/99** Date _____   _____ District Justice
My commission expires first Monday of January, **2000**.   SEAL

AOPC A581-98