● **ORIGINAL** ●

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LANCE W. MARTIN,       :
    Plaintiff        :  NO. 1: CV - 01 - 1107
                     :
vs.                    :  JUDGE YVETTE KANE
                     :
RED LION BOROUGH, KENNETH M. :
BOWMAN, BOROUGH MANAGER, :
RED LION MUNICIPAL AUTHORITY, :  JURY TRIAL DEMANDED
and OFFICER DAVID WINGERT, :
    Defendants       :

### DEFENDANTS' MOTION TO DISMISS, PURSUANT TO RULE 12(B)(6), FEDERAL RULES OF CIVIL PROCEDURE

Defendants, Red Lion Borough, Kenneth M. Bowman, Borough Manager, and Officer David Wingert (hereinafter, "Moving Defendants"), by and through their counsel, Lavery, Faherty, Young & Patterson, P.C., hereby move this Honorable Court to dismiss the civil complaint filed by Lance Martin (hereinafter, "Plaintiff"), pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and in support thereof, aver as follows:

1.    Plaintiff commenced this action with the filing of a civil complaint on or about June 21, 2001, against the named defendants. The Complaint attempts to assert a cause of action against Moving Defendants pursuant to 42 U.S.C. § 1983, for alleged violations of Plaintiff's Fourth, Fifth, Eighth and Fourteenth

Amendment Rights. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A" and incorporated herein by reference.

2. The Complaint arises from a dispute over public water service provided by the Red Lion Municipal Water Authority to Plaintiff's residence, and Plaintiff's ongoing failure to pay for said water service.

3. The Complaint alleges that, after Plaintiff filed for protection with the United States Bankruptcy Court on February 5, 1999, the Defendant Authority wrongfully turned off the water supply to his residence on or about March 22, 1999, in violation of his due process rights. (Complaint, ¶¶ 7- 8).

4. The Complaint further alleges that, on or about March 25, 1999, Plaintiff was advised by Defendant Borough to vacate the premises for non-payment if his water bill, in violation of his due process rights. Thereafter, on April 4, 1999, Plaintiff alleges that he paid the arrearages for his water bill and turned on water service to the residence himself. The next day, Defendant Borough is alleged to have again turned off the water service. (Complaint, ¶¶ 9-11, Exh. "B").

5. Plaintiff admits in his Complaint that he did not provide notice of his Bankruptcy filings to Moving Defendants until April 6, 1999, following which water service was restored to Plaintiff's residence on or about April 10, 1999. Plaintiff further avers that, on April 12, 1999, Defendant Authority demanded that

2

he tender payment for one year's water service in advance, in violation of his rights under the Bankruptcy Code. (Complaint, ¶¶ 12, 14).

6. Finally, the Complaint alleges that Moving Defendants unlawfully conspired to cause the wrongful criminal prosecution of Plaintiff for theft of water services. Plaintiff contends that he was maliciously prosecuted, without cause, because the criminal charges were filed after he tendered payment in full of the arrearages owed for past service. A copy of the criminal charges against Plaintiff are attached to Plaintiff's Complaint as Exhibit "E.". The Citation issued to Plaintiff clearly indicates that Plaintiff was charged for turning on the water supply to his residence, after service was terminated by Defendant Authority for non-payment, on three separate occasions, all of which preceded Plaintiff's payment of the outstanding arrearages. (Complaint, ¶¶ 15-18, Exh. "E").

7. Plaintiff avers that his civil rights were violated because he was bound over for trial on the criminal charges without probable cause, deprived of his liberty because he was prohibited from leaving York County prior to the District Magistrate hearing on the criminal charge, and required to appear in Court on demand to defend against the charges, for which Plaintiff was found not guilty. (Complaint, ¶¶ 20-21, 25, Exh. "F").

8. Plaintiff alleges that the Defendants committed malicious prosecution, in that they intentionally, willfully and wantonly prosecuted him with malice,

because of a desire to embarrass and humiliate Plaintiff, in retaliation for Plaintiff's filing of a Bankruptcy action, and in violation of his right to equal protection under the law. (Complaint, ¶¶ 22-24, 26).

9. Plaintiff's Complaint fails to assert any claims or causes of action against Moving Defendants pursuant to the Constitution or laws of the United States for which relief may be granted.

10. All of Plaintiff's claims, other than the alleged malicious prosecution claim, are time-barred by operation of the two-year statute of limitations governing this action pursuant to Pennsylvania State law.

11. Plaintiff's Complaint fails to assert a cognizable claim for malicious prosecution under the Fourth Amendment because Plaintiff has not alleged a deprivation of his liberty interest consistent with the concept of seizure. See, Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998); and Bristow v. Clevenger, 80 F. Supp.2d 4121, 430 (M.D. Pa. 2000).

12. The Complaint fails to assert a cognizable claims under the Fifth Amendment because, where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such claims. Albright v. Oliver, 510 U.S. 266, 273 (1994).

4

13. The Complaint fails to assert a cognizable claim pursuant to the Eighth Amendment, as Plaintiff has not alleged that he was a convicted and incarcerated prisoner.

14. The Complaint fails to assert a cognizable claim under the Fourteenth Amendment because Plaintiff has plead no fact sufficient to establish a violation of either his procedural or substantive due process rights.

WHEREFORE, Moving Defendants, Red Lion Borough, Kenneth M. Bowman, Red Lion Municipal Authority and Officer David Wingert respectfully pray that their motion to dismiss be granted, and Plaintiff's Complaint be denied and dismissed with prejudice.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By: _____
Frank J. Lavery, Jr., Esquire
Atty No. 42370
301 Market St., Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1245
Attys for Moving Defendants

DATE: 11/13/01

5

## CERTIFICATE OF SERVICE

I, Megan L. Renno, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 13th day of November, 2001, I served a true and correct copy of the foregoing Defendant's Motion to Dismiss via U.S. First Class mail, postage prepaid, addressed as follows:

Lance Martin
257 West Broadway
Red Lion, PA  17356

_____
Megan L. Renno