**ORIGINAL**

**FILED NOV 19 2001**

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCE W. MARTIN, | : | |
| Plaintiff | : | NO. 1: CV - 01 - 1107 |
| | : | |
| v. | : | JUDGE YVETTE KANE |
| | : | |
| RED LION BOROUGH, KENNETH M. | : | |
| BOWMAN, BOROUGH MANAGER, | : | |
| RED LION MUNICIPAL AUTHORITY, | : | JURY TRIAL DEMANDED |
| and OFFICER DAVID WINGERT, | : | |
| Defendants | : | |

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS, PURSUANT TO RULE 12(B)(6), FEDERAL RULES OF CIVIL PROCEDURE

I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff commenced this action with the filing of a civil complaint on or about June 21, 2001, against the named defendants. The Complaint attempts to assert a cause of action against Moving Defendants pursuant to 42 U.S.C. § 1983, for alleged violations of Plaintiff's Fourth, Fifth, Eighth and Fourteenth Amendment Rights. The Complaint arises from a dispute over public water service provided by the Red Lion Municipal Water Authority to Plaintiff's residence, and Plaintiff's ongoing failure to pay for said water service.

The Complaint alleges that, after Plaintiff filed for protection with the United States Bankruptcy Court on February 5, 1999, the Defendant Authority

wrongfully turned off the water supply to his residence on or about March 22, 1999, in violation of his procedural due process rights. (Complaint, ¶¶ 7- 8). Thereafter, the Complaint alleges that, on or about March 25, 1999, Plaintiff was advised by Defendant Borough to vacate the premises for non-payment if his water bill, again in violation of his due process rights. On April 4, 1999, Plaintiff alleges that he paid the arrearages for his water bill and turned on water service to the residence himself. The next day, Defendant Borough is alleged to have again turned off the water service. (Complaint, ¶¶ 9-11, Exh. "B").

Plaintiff admits in his Complaint that he did not provide notice of his Bankruptcy filings to Moving Defendants until April 6, 1999, following which water service was restored to Plaintiff's residence on or about April 10, 1999. Plaintiff further avers that, on April 12, 1999, Defendant Authority demanded that he tender payment for one year's water service in advance, in violation of his rights under the Bankruptcy Code. (Complaint, ¶¶ 12, 14).

Finally, the Complaint alleges that Moving Defendants unlawfully conspired to cause the wrongful criminal prosecution of Plaintiff for theft of water services. Plaintiff contends that he was maliciously prosecuted, without cause, because the criminal charges were filed after he tendered payment in full of the arrearages owed for past service. A copy of the criminal charges against Plaintiff are attached to Plaintiff's Complaint as Exhibit "E.". The Citation issued to Plaintiff clearly

2

indicates that Plaintiff was charged for turning on the water supply to his residence, after service was terminated by Defendant Authority for non-payment, on three separate occasions, all of which preceded Plaintiff's payment of the outstanding arrearages. (Complaint, ¶¶ 15-18, Exh. "E"). Plaintiff avers that his civil rights were violated because he was bound over for trial on the criminal charges without probable cause, deprived of his liberty because he was prohibited from leaving York County prior to the District Magistrate hearing on the criminal charge, and required to appear in Court on demand to defend against the charges, for which Plaintiff was found not guilty. (Complaint, ¶¶ 20-21, 25, Exh. "F"). Plaintiff alleges that the Defendants committed malicious prosecution, in that they intentionally, willfully and wantonly prosecuted him with malice, because of a desire to embarrass and humiliate Plaintiff, in retaliation for Plaintiff's filing of a Bankruptcy action, and in violation of his right to equal protection under the law. (Complaint, ¶¶ 22-24, 26).

II.  **QUESTIONS PRESENTED:**

    A.  STANDARD OF REVIEW

    B.  WHETHER PLAINTIFF'S COMPLAINT FAILS TO ASSERT A COGNIZABLE CLAIM OR CAUSE OF ACTION PURSUANT TO 42 U.S.C. §1983 FOR WHICH RELIEF MAY BE GRANTED, SUCH THAT DISMISSAL IS PROPER PURSUANT TO RULE 12(b)(6), FEDERAL RULES OF CIVIL PROCEDURE?

    [SUGGESTED ANSWER: YES]

III. <u>ARGUMENT</u>:

    A.    STANDARD OF REVIEW

The standard to be applied in consideration of a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is well established in our jurisprudence. The Court is to accept as true all well-pleaded allegations in the Complaint, along with the reasonable inferences that can be drawn therefrom and view them in the light most favorable to the non-moving party. <u>Scheuer v. Rhodes</u>, 416 U.S. 232 (1974); <u>Jordan v. Fox, Rothschild, O'Brien and Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). Although the Court must, for purposes of such a motion, accept all factual allegations as true, it is not bound as such to accept conclusory allegations of law, unsupported conclusions and unwarranted inferences or deductions set forth in the Complaint. <u>Morse v. Lower Merion School District</u>, 132 F.3d 902, 906 (3d Cir. 1997); <u>Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Company</u>, 113 F.3d 405 (3d Cir. 1997). Furthermore, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss." <u>Morse</u>, 132 F.3d at 906, n. 8.

The question before the Court on a motion to dismiss is whether the Plaintiff can prove any set of facts in support of his claim which entitles the Plaintiff to relief. <u>Hartford Fire Ins. Co. v. California</u>, 113 S.Ct. 2891, 2817 (1993);

4

Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990). If it is clear from the plaintiff's pleading that a defendant cannot be held liable, then dismissal of all claims against that defendant is appropriate. Labov v. Lalley, 809 F.2d 270 (3d Cir. 1987). The Court need not "conjure up unpled allegations or contrive elaborately arcane scripts in order to breathe life into an otherwise defective complaint." Goolely v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1984). Finally, "Rule 12(b)(6) authorizes the Court to dismiss a claim on the basis of a dispositive issue of law". Thomas v. Ford Motor Company, 70 F. Supp. 2d 521 (E.D. Pa. 1999), (citing Neitzke v. William, 490 U.S. 319, 326-27 (1989)).

    B.    PLAINTIFF'S COMPLAINT FAILS TO ASSERT A COGNIZABLE CLAIM OR CAUSE OF ACTION PURSUANT TO 42 U.S.C. §1983 FOR WHICH RELIEF MAY BE GRANTED, SUCH THAT DISMISSAL IS PROPER PURSUANT TO RULE 12(b)(6), FEDERAL RULES OF CIVIL PROCEDURE.

Plaintiff's Complaint attempts to assert claims for alleged violation of rights afforded him by the Fourth, Fifth, Eighth and Fourteenth Amendments. All of Plaintiff's claims are purported to arise out of the termination of public water service to Plaintiff's residence by Moving Defendants, and Plaintiff's subsequent criminal prosecution for theft of water services.

A federal court called upon to adjudicate a § 1983 claim ordinarily must borrow the forum state's limitation period governing personal injury causes of

5

action. 42 U.S.C.A. §1983. Pennsylvania's statute of limitations period applicable to personal injury claims is two years. 42 Pa.C.S.A. § 5524(2). All of Plaintiff's claims arising from the alleged wrongful termination of Plaintiff's public water service and violation of Plaintiff's rights under the United States Bankruptcy Code are alleged to have occurred prior to June 21, 1999, rendering these claims untimely as of the filing of Plaintiff's Complaint on June 21, 2001. Therefore, all of Plaintiff's claims, other than the alleged malicious prosecution claim, are time-barred by operation of the two-year statute of limitations governing this action pursuant to Pennsylvania State law.

Plaintiff uses § 1983 as the vehicle to bring his civil rights claims sounding in malicious prosecution. It is well settled that "§ 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Graham v. Connor, 490 U.S. 386, 393-94 (1989). The plaintiff in a § 1983 claim must prove: (1) that the defendants deprived him of a right secured by the Constitution of the laws of the United States; and (2) that defendants are acting under color of state law in effecting such a deprivation. See, Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). Plaintiff's Complaint fails to assert any cognizable claims or causes of action against Moving Defendants pursuant to the Constitution or laws of the United States for which

relief may be granted. Therefore, dismissal is proper and appropriate, as a matter of law.

Plaintiff's Complaint fails to assert a cognizable claim for malicious prosecution under the Fourth Amendment. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." U.S. Const. amend. IV. For a public official to transgress the Fourth Amendment through the initiation and pursuit of criminal charges, the prosecution of those charges must, at a bare minimum, have occasioned a deprivation of liberty consistent with the concept of a seizure. Nieves v. McSweeney, 241 F.3d 46, 54 (1st Cir. 2001) (citations omitted); Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998); and Bristow v. Clevenger, 80 F. Supp.2d 4121, 430 (M.D. Pa. 2000). Plaintiff's Complaint does not aver that Plaintiff was arrested for Theft of Services and, in fact, the Non-Traffic Citation attached as Exhibit "E" to Plaintiff's Complaint indicates that Plaintiff was not arrested on site, but was merely summoned/cited for the charge. (Complaint, Exh. "E," Block 13). The sole basis for Plaintiff's allegation that he was "deprived of his liberty" is that Plaintiff "was not free to leave York County, Pennsylvania, was subject to immediate incarceration if he did leave York County, Pennsylvania, and was subject to appear

in court on demand" (Complaint, ¶ 21). Plaintiff's Complaint fails to assert a cognizable claim for violation of his Fourth Amendment rights, as a matter of law.

Plaintiff's Complaint also fails to assert a cognizable claim for rights guaranteed under the Fifth Amendment. Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such claims. Albright v. Oliver, 510 U.S. 266, 273 (1994). As set forth above, Plaintiff's malicious prosecution claims are properly to be analyzed pursuant to the Fourth Amendment's rights governing search and seizure. Because the Fourth Amendment provides an explicit source of constitutional protection against the alleged wrongs at issue, Plaintiff's Complaint fails to assert a cognizable claim for alleged violations of rights afforded by the Fifth Amendment, as a matter of law.

The Complaint further fails to assert a cognizable malicious prosecution claim against Moving Defendants pursuant to the Eighth Amendment. The Eighth Amendment governs the rights of inmates and detainees in public and private jails and prisons, and prohibits conduct that evidences deliberate indifference to a prisoner's basic needs. See, e.g. Boring v. Kozakiewicz, 833 F.2d 468 (3rd Cir. 1987), cert. den. 485 U.S. 991 (1988). The Eighth Amendment does not provide a standard of for the address of malicious prosecution claims. Plaintiff has not

8

alleged that he was arrested and confined, to be able to assert violations of the Eighth Amendment's protections afforded a pretrial detainee. Plaintiff has affirmatively averred that he was found not guilty by the District Magistrate on June 22, 1999, thus rendering the Eighth Amendment protections afforded a convicted prisoner not applicable. Therefore, Plaintiff's Complaint fails to assert a cognizable claim for alleged violations of rights afforded by the Eighth Amendment, as a matter of law.

Finally, the Complaint fails to assert a cognizable malicious prosecution claim under the Fourteenth Amendment's due process or equal protection clauses. The Fourteenth Amendment's due process clause provides that no state shall deprive any person of "life, liberty or property without due process of law." The Supreme Court has determined that:

> [I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eight Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.

County of Sacramento v. Lewis, 118 S. Ct. 1708, 1715 (1998); see also, Merkle v. Upper Dublin School Dist., 211 F.3d 782 (3rd Cir. 2000). Therefore, Plaintiff's Complaint fails to assert a cognizable claim for violations of his *substantive* due process rights pursuant to the Fourteenth Amendment. Plaintiff's Complaint further fails to assert a cognizable claim for malicious prosecution based upon violations of *procedural* due process rights. At its core, procedural due

9

process protects the right to advance notice of significant deprivations of liberty or property and a meaningful opportunity to be heard. <u>Abbott v. Latshaw</u>, 164 F.3d 141, 146 (3d Cir. 1998). It is axiomatic that there can be no violation of due process absent a deprivation of a legally protected liberty or property interest. See, <u>id</u>. The failure of a plaintiff to allege a deprivation of property or liberty is a fatal to his section 1983 claim for malicious prosecution based upon a deprivation of procedural due process. See, <u>Marchese v. Umstead,</u> 110 F.Supp.2d 361 (E.D. Pa. 2000). The Complaint, as discussed above, fails to assert a seizure of Plaintiff's person or a loss of property rights. Thus, the Complaint fails to state a claim for malicious prosecution pursuant to the Fourteenth Amendment's procedural due process protection. Plaintiff has also alleged that his right to equal protection under the law has been infringed by Moving Defendants. The equal protection clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." Plaintiff has not alleged that other persons similarly situated to Plaintiff have been treated differently by Moving Defendants. Therefore, he has plead no facts to establish a violation of his equal protection rights. In sum, Plaintiff has plead no fact sufficient to establish a violation of any right conferred by the Fourteenth Amendment.

IV. <u>CONCLUSION</u>:

Plaintiff's Complaint fails to assert a cognizable claim pursuant to 42 U.S.C. §1983, as he fails to allege facts sufficient to establish any violation of a right afforded him pursuant to the Constitution or laws of the United States. Therefore, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the Complaint fails to assert any claims or causes of action for which relief may be granted, such that dismissal with prejudice is appropriate.

WHEREFORE, Moving Defendants, Red Lion Borough, Kenneth M. Bowman, Red Lion Municipal Authority and Officer David Wingert respectfully pray that their motion to dismiss be granted, and Plaintiff's Complaint be denied and dismissed with prejudice.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By: _____
Frank J. Lavery, Jr., Esquire
Atty No. 42370
301 Market St., Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1245
Attys for Moving Defendants

DATE: 11/16/01

11

## CERTIFICATE OF SERVICE

I, Megan L. Renno, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this ___19th___ day of November, 2001, I served a true and correct copy of the foregoing **Brief in Support of Motion to Dismiss** via U.S. First Class mail, postage prepaid, addressed as follows:

Lance Martin
257 West Broadway
Red Lion, PA 17356

_____
Megan L. Renno