FILED
HARRISBURG

FEB 0 4 2002

MARY E. D'ANDREA, CLERK
Per_____
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCE W. MARTIN, | : | |
| Plaintiff | : | NO. 1: CV - 01 - 1107 |
| | : | |
| v. | : | JUDGE YVETTE KANE |
| | : | |
| RED LION BOROUGH, KENNETH M. | : | |
| BOWMAN, BOROUGH MANAGER, | : | |
| RED LION MUNICIPAL AUTHORITY, | : | JURY TRIAL DEMANDED |
| and OFFICER DAVID WINGERT, | : | |
| Defendants | : | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS, PURSUANT TO RULE 12(B)(6),
FEDERAL RULES OF CIVIL PROCEDURE**

I.  PROCEDURAL HISTORY:

Defendants filed a motion to dismiss the complaint filed by Plaintiff, Lance W. Martin, on November 13, 2001. Defendants' supporting brief was filed on November 19, 2001. Plaintiff filed a motion for enlargement of time to respond to the motion to dismiss, which was granted by Order of December 7, 2001. Said Order required Plaintiff's brief to be filed on or before December 21, 2001. On

January 4, 2002, the Court issued an Order to show cause why no response to the motion to dismiss had yet been filed and why the motion should not be granted as unopposed. Plaintiff ultimately filed a response to Defendants' motion to dismiss on January 18, 2002.

II. <u>ARGUMENT</u>:

Plaintiff's Complaint attempts to assert claims for alleged violation of rights afforded him by the Fourth, Fifth, Eighth and Fourteenth Amendments. All of Plaintiff's claims are purported to arise out of the termination of public water service to Plaintiff's residence by Moving Defendants, and Plaintiff's subsequent criminal prosecution for theft of water services.

Plaintiff's Response to Defendants' motion to dismiss initially addresses the Court's January 4, 2002 Order to Show Cause. Plaintiff's avers that his move to Maryland is the reason for his failure to comply with the December 7, 2001 Order requiring Plaintiff to file his responsive brief by December 21, 2001. Defendants respectfully submit that Plaintiff was obviously aware that he was going to relocate to Maryland in advance of the actual move and should have requested further enlargement of the time to respond to Defendant's motion to dismiss prior to the expiration of the original period of enlargement. Plaintiff failed to do so, however, and Defendants therefore object to Plaintiff's January 18, 2001 Response to their

2

motion to dismiss, which was filed nearly a month after the December 21, 2001 deadline imposed by the Court.

Plaintiff further addresses the substantive arguments set forth in his Complaint in his Response to Defendants' motion to dismiss. Plaintiff's Response asserts that Plaintiff was discriminated against, threatened with interruption of water service, and wrongfully and unlawfully prosecuted for theft, solely to prevent Plaintiff from participating in his bankruptcy proceedings. Plaintiff avers that the foregoing alleged conduct by Defendants deprived him of a property right in his town home, because his lease was not renewed by his lessor after four years of residence therein. Plaintiff further alleges that he was deprived of rights protected by 42 U.S.C. § 1985 through Defendants' conduct. In support of his allegations, Plaintiff cites to four cases which purportedly support his claims. It is not clear from Plaintiff's response which claims the cited authorities are averred to support or the reasons therefore. However, none of the cases cited by Plaintiff provide authority that can overcome Plaintiff's failure to assert a cognizable § 1983 claim for violations of his Fourth, Fifth, Eighth or Fourteenth Amendment rights.

As argued in Defendants' original brief, all of Plaintiff's claims are time - barred under Pennsylvania law, with the exception of the malicious prosecution claim. Defendants have further challenged Plaintiff's claims under each

3

Constitutional Amendment asserted as grounds for Plaintiff's § 1983 claim. Plaintiff's Response does not reply to Defendants' arguments in their motion to dismiss addressing the deficiency of Plaintiff's Fourth, Fifth and Eighth Amendment claims. However, Plaintiff continues to pursue his § 1983 malicious prosecution claims for the alleged violation of his 14th Amendment rights.

Defendants argued in their original brief that Plaintiff's Fourth Amendment malicious prosecution claims must fail because Plaintiff has not alleged the necessary deprivation of his liberty interest consistent with the concept of a seizure. See, Nieves v. McSweeney, 241 F.3d 46, 54 (1st Cir. 2001) (citations omitted); Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998); and Bristow v. Clevenger, 80 F. Supp.2d 4121, 430 (M.D. Pa. 2000). Plaintiff has not attempted to overcome this deficiency in his pleadings. Similarly, Defendants argued in their original brief that Plaintiff's § 1983 malicious prosecution claim based upon a deprivation of 14th Amendment procedural due process could not survive absent alleged deprivations of Plaintiff's legally protected liberty or property interests. Plaintiff was not arrested or otherwise seized, in order to be able to assert violations of his liberty interest. Therefore, although Plaintiff's Response is extremely vague, it appears that Plaintiff is attempting to establish a Fourteenth Amendment malicious prosecution claim, premised upon the deprivation of his legally protected *property* interest.

4

Plaintiff's Response to the motion to dismiss avers that Plaintiff was deprived of property rights, in the form of Plaintiff's alleged right of continued occupancy of his leased townhouse. The Supreme Court has held that a violation of substantive due process is no basis for a malicious prosecution claim brought pursuant to section 1983. <u>Albright v. Oliver</u>, 510 U.S. 266 (1994). Furthermore, the alleged deprivation of such a right cannot form the basis for a § 1983 claim against Defendants. Even if there exists a right to continued occupancy of a dwelling leased from a private lessor under the Constitution or federal law, Defendants did not deprive Plaintiff of such a right while acting under color of state law. Rather, as Plaintiff concedes in his Response, his lease was simply not renewed by the lessor. Notwithstanding the reasons behind the lessor's refusal to renew Plaintiff's lease, no action by Defendants deprived Plaintiff of his continued occupancy.

No additional facts, allegations or clarifications contained in Plaintiff's Response alter the conclusion that Plaintiff's Complaint fails to assert a cognizable § 1983 claim against Defendants for malicious prosecution for which relief may be granted. The remaining claims asserted in Plaintiff's Complaint must fail, for the reasons set forth in Defendants' original brief in support of their motion to dismiss, in that they are either time-barred or simply not supported by the factual averments set forth in the Complaint.

5

Finally, Plaintiff has asserted in his Reply that Defendants violated his rights protected by 42 U.S.C. § 1985. (See ¶ 4). It is not clear whether Plaintiff intended this allegation to refer to § 1983, or whether additional allegations are asserted to those contained in Plaintiff's Complaint. To the extent that ¶ 4 of Plaintiff's Response addresses 42 U.S.C. § 1985, Defendants respectfully submit that the allegation be stricken as improperly asserted in response to Defendants' motion to dismiss. This allegation was neither included in Plaintiff's Complaint nor the subject of any amended pleadings in this matter. Therefore, Plaintiff cannot add to his allegations at this stage of litigation via a responsive brief/filing. To the extent that this paragraph was intended to cite to § 1983, Defendants rely on their legal arguments contained herein and in their original brief in support of their motion to dismiss.

III. CONCLUSION:

Plaintiff's Complaint fails to assert a cognizable claim pursuant to 42 U.S.C. §1983, as he fails to allege facts sufficient to establish any violation of a right afforded him pursuant to the Constitution or laws of the United States. Therefore, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the Complaint fails to assert any claims or causes of action for which relief may be granted, such that dismissal with prejudice is appropriate.

WHEREFORE, Moving Defendants, Red Lion Borough, Kenneth M. Bowman, Red Lion Municipal Authority and Officer David Wingert respectfully pray that their motion to dismiss be granted, and Plaintiff's Complaint be denied and dismissed with prejudice.

                Respectfully submitted,

                Lavery, Faherty, Young & Patterson, P.C.

By: *Frank J. Lavery, Jr./cjk*
Frank J. Lavery, Jr., Esquire
Atty No. 42370
301 Market St., Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1245
Attys for Moving Defendants

DATE: 2/4/02

7