IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE W. MARTIN, | CIVIL ACTION NO. 1:CV-01-1107 |
|     Plaintiff, | |
| | Judge Kane |
| v. | |
| RED LION BOROUGH, | |
| KENNETH M. BOWMAN, | |
| RED LION MUNICIPAL AUTHORITY, | |
| and OFFICER DAVID WINGERT, | |
|     Defendants. | |

FILED
HARRISBURG
JUN 2 6 2002
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' motion to dismiss. The motion has been briefed and is ripe for disposition. For the reasons that follow, the motion will be granted.

*Background*

Plaintiff has filed a pro se complaint[1] with this Court alleging that Defendants terminated his water service while Plaintiff's bankruptcy petition was pending, and asserts claims under 42 U.S.C. § 1983, the United States Constitution, the United States Bankruptcy Code and Pennsylvania common law. Plaintiff alleges in his complaint that, while he was engaged in bankruptcy proceedings, Defendant Red Lion Municipal Authority wrongfully turned off the water at the townhouse he leased without first holding a due process hearing. Plaintiff further alleges that significant damage was done to his property when Defendant later turned the water back on without first notifying Plaintiff. Finally, Plaintiff asserts that he was maliciously prosecuted in York County for failure to pay his water bill.

---

[1] The Court construes pro se filings liberally. See Boag v. MacDougall, 454 U.S. 364, 365 (1982); Todaro v. Bowman, 872 F.2d 43, 44 n. 1 (3d Cir. 1989).

Due to these alleged wrongs, Plaintiff asserts that he "has been caused much embarrassment, hurt, and humiliation, and suffered greatly emotionally, mentally, and physically, and in plaintiff's reputation and standing in the community." Plaintiff states that the above wrongs were committed in a conspiracy to deprive him of his equal protection and other constitutional and statutory rights. Plaintiff is suing for "[g]eneral damages, damages for injury to business and personal reputation, for medical and other related expenses, past and future lost earnings damages, damages for impairment of earning capacity, punitive or exemplary damages, reasonable attorneys fees, interest according to law, and costs of this action, for a total amount of Two Million Dollars ($2,000,000.00), and any such other and further relief as the court deems in the interests of justice."

*Motion to Dismiss*

Defendants move to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). "A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir.1997) (internal citation omitted). Therefore, when analyzing Defendants' Motion to Dismiss, this Court construes all facts alleged in the complaint as true, and draws all reasonable inferences in the Plaintiff's favor. See Oshiver v. Levin, Fishbein, Sedran, & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). This Court will only grant Defendants' Motion to Dismiss if it appears beyond doubt that Plaintiff can prove no set of facts in support of its claim which would entitle Plaintiff to relief. See Melo-Sonics Corp. v. Cropp, 342 F.2d 856, 859 (3d Cir. 1965).

*Statute of Limitations*

When a federal statute such as 42 U.S.C. § 1983 fails to provide explicitly for a statute of limitations, the courts assume that Congress intended them to apply "the most closely analogous statute of limitations under state law." United Steelworkers of Am. v. Crown Cork & Seal Co., Inc., 32 F.3d 53, 56 (3d Cir. 1994) (quoting Delcostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 158 (1983)); see also Haggerty v. USAIR, Inc., 952 F.2d 781, 783 (3d Cir. 1992). The applicable statute of limitations for tort claims, such as those raised by Plaintiff here, is two years. 42 Pa. C.S.A. § 5524.[2] Plaintiff filed his suit on June 21, 2001. Therefore, he can only raise claims for wrongs that occurred after June 21, 1999.

All but Plaintiff's appearance in York County Court occurred prior to June 21, 1999. Plaintiff appeared in York County Court on June 22, 1999, on charges brought against him for theft of services, arising out of Plaintiff's acts of reinstating his own water service, after, he alleges, he had paid the water bill. Therefore the Court will dismiss all Plaintiff's claims because the statute of limitations has elapsed, with the exception of those claims arising out of his prosecution for theft of services.

---

[2]The following actions and proceedings must be commenced within two years:
 (1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.
 (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.
 (3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.
 (4) An action for waste or trespass of real property.
 (5) An action upon a statute for a civil penalty or forfeiture.
 (6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession.
 (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.
42 Pa. C.S.A. § 5524.

3

*Malicious Prosecution - 42 U.S.C. § 1983*

Plaintiff asserts that the April 16, 1999 citation issued to him for "theft of services," which led to his June 22, 1999 court appearance, constituted a malicious prosecution. A claim of malicious prosecution brought pursuant to 42 U.S.C. § 1983 must be based on a provision of the Bill of Rights providing "an explicit textual source of constitutional protection." Albright v. Oliver, 501 U.S. 266, 272 (1994). See Merkle v. Upper Dublin School Dist., 211 F.3d 782, 792 (3d Cir. 2000). Thus, a malicious prosecution claim can be brought pursuant to the procedural component of the due process clause, but not the substantive component. See Torres v. McLaughlin, 163 F.3d 169, 173 (3d Cir. 1998). "[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." County of Sacramento v. Lewis, 118 S Ct. 1708, 1715 (1998). Because Plaintiff's claim is better addressed as a substantive under the Fourth Amendment, he has not stated a claim for a substantive due process violation under the Fifth or Fourteenth Amendments.

Similarly, Plaintiff fails to state a procedural due process claim, as he has not alleged a deprivation of property or liberty. As discussed above, Plaintiff does not allege that he was ever deprived of his property or liberty as a result of the citation that forms the basis of this remaining claim. This is fatal to a Section 1983 claim for malicious prosecution based on deprivation of procedural due process. Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir.1998); Marchese v. Umstead, 110 F. Supp. 2d 361, 370 (E.D. Pa. 2000). Therefore, Plaintiff's claim for malicious prosecution fails under the procedural due process protections of the Fifth and Fourteenth

Amendments.

Insofar as Plaintiff alleges a violation of his Fourth Amendment rights, Plaintiff claims that he "was unlawfully deprived of his liberty, in that he was not free to leave York County, Pennsylvania, was subject to immediate incarceration if he did leave York County, Pennsylvania, and was subject to appear in court on demand . . . ." Compl., ¶ 21. The Third Circuit held in Gallo v. City of Philadelphia that restrictions constituted a "seizure" for a claim of malicious prosecution rooted in the Fourth Amendment, where a post-arraignment defendant was subject to multiple pre-trial restrictions on his liberty, including that he post a bond, attend all court hearings, contact pretrial services weekly, and not travel outside a two state area. 161 F.3d 217 (3d Cir.1998). Here, proceedings were initiated against Plaintiff by the issuance of a citation for a summary offense.[3] Pa. R. Crim. P. 400. The citation required Plaintiff to pay a fine, costs, and restitution to the utility for a total amount of $800.00. In the alternative, Plaintiff was able to contest the charges by appearing before the issuing authority and pleading not guilty. Pa. R. Crim. P. 408. Further, Plaintiff was permitted to appear on his own, and his movement was not restricted. The only restriction the District Justice is permitted to place on a defendant with a summary charge pending is a requirement that the defendant appear at the set date and time for trial; should the defendant fail to appear, he will be found guilty and required to pay the fine and costs. Pa. R. Crim. P. 413. Because of the nature of the charges brought against Plaintiff, the

---

[3]The crime Plaintiff was charged with, theft of services, can be charged either as a summary offense or as a misdemeanor. 18 Pa. C. S. §§ 3926, 3903. Because Plaintiff was ordered to pay restitution in the amount of $524.04, he could have been charged with a misdemeanor. 18 Pa. C. S. § 3903. However, a District Justice does not have the authority to try a misdemeanor case where the defendant pled not guilty. 42 Pa. C. S. § 1515. Where, as here, the District Justice held a trial on the issue of guilt or innocence, it is clear that the defendant could have been charged only with a summary offense. Id.

Court, as a matter of law, finds that Plaintiff cannot prove the assertion in his complaint that his travel was severely restricted during the pendency of his case in front of the District Justice. The restrictions placed upon Plaintiff simply do not rise to the level of the multiple restrictions that were imposed on the plaintiff in Gallo. Because Plaintiff can prove no set of facts to support his claim of malicious prosecution under 42 U.S.C. § 1983, the Court will dismiss this charge.[4]

*Malicious Prosecution - State Law Claim*

A malicious prosecution claim may also be brought pursuant to state common law. However, insofar as the Court has supplemental jurisdiction over the state law claim, it declines to exercise this jurisdiction. 28 U.S.C. § 1367.

*Equal Protection*

Lastly, Plaintiff asserts that Defendants' decision to prosecute him for failure to pay his past due water bills was "motivated by malice and a desire to embarrass and humiliate plaintiff personally and to cause plaintiff embarrassment and humiliation among plaintiff's family, friends, and community, and to discourage plaintiff's participation in (and for retaliation of) his lawful federal bankruptcy action, in an attempt to thwart his right to equal protection under the law." Compl., ¶22. However, Plaintiff fails to assert anywhere in his complaint that other persons similarly situated, that is, other individuals with past due water bills, have been treated

---

[4]Defendants also address any possibility that Plaintiff raised a claim of malicious prosecution pursuant to the protections offered by the Eighth Amendment. However, as Defendants properly note, the Eighth Amendment governs the rights of inmates and detainees in public and private jails and prisons, and prohibits conduct that evidences deliberate indifference to a prisoner's basic needs. See, e.g., Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987). Because Plaintiff nowhere alleges that he was incarcerated as a result of his prosecution for theft of services, the Eighth Amendment is inapplicable here.

6

differently by the Defendants. Therefore, Plaintiff has not plead sufficient facts to establish a violation of equal protection pursuant to the Fourteenth Amendment.

*Order*

THEREFORE, for the reasons discussed above, **IT IS ORDERED THAT** Defendants' motion to dismiss is **GRANTED**. The Clerk of Court is directed to close the file.

_____
Yvette Kane
United States District Judge

Dated: June 19, 2002.